229 S.W.3d 783 (2007)
In the Interest of A.L.G., A Child.
No. 04-06-00178-CV.
Court of Appeals of Texas, San Antonio.
May 23, 2007.
Jay Robert Brandon, Law Office of Jay Brandon, San Antonio, for appellant.
Freddy B. Ruiz, Law Office of Freddy B. Ruiz, P.C., San Antonio, for appellee.
Sitting: ALMA L. LÓPEZ, Chief Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

OPINION
Opinion by PHYLIS J. SPEEDLIN, Justice.
Jarrod Gottfried appeals the trial court's order requiring him to pay past due child support and attorney's fees to Heather Chambless. We reverse the judgment of the trial court and render judgment that Chambless take nothing.

BACKGROUND
Gottfried and Chambless, who are the parents of one daughter, were divorced in August 2004. Under the terms of the final decree, Gottfried was ordered to pay Chambless $860 per month in child support beginning August 1, 2004. Fifteen months later, Chambless filed a motion for enforcement of child support, requesting that Gottfried be held in contempt of court for failing to pay her $6,441 in child support. Gottfried answered, denying that he owed any past due support. After a hearing, the trial court found an arrearage for half the amount sought by Chambless and ordered Gottfried to pay her attorney's fees. Only Gottfried appealed.[2]

STANDARD OF REVIEW
We review a trial court's confirmation of a child support arrearage for an abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); Beck v. Walker, 154 S.W.3d 895, 901 (Tex.App.-Dallas 2005, no pet.). A trial court abuses its discretion as to factual matters when it acts unreasonably and arbitrarily, and as *785 to legal matters when it acts without reference to guiding rules or principles. Worford, 801 S.W.2d at 109; Beck, 154 S.W.3d at 901. A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision; however, an abuse of discretion occurs when the trial court's decision is contrary to the only permissible view of the evidence. See In re Barber, 982 S.W.2d 364, 366 (Tex.1998); Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). In a non-jury trial, such as this one, where findings of fact are neither requested or filed, the trial court's judgment implies all necessary findings of fact to support it. Worford, 801 S.W.2d at 109.

DISCUSSION
The Family Code provides procedures for enforcement of child support payments including requesting a money judgment for arrearages. See TEX. FAM.CODE ANN. § 157.001 (Vernon 2002) and § 157.263 (Vernon Supp.2006). At trial, the movant bears the burden of establishing the amount owed, while the respondent may offer controverting evidence. See TEX. FAM.CODE ANN. § 157.162 (Vernon 2002); see also In re C.Z.B., 151 S.W.3d 627, 630 (Tex.App.-San Antonio 2004, no pet.). In rendering a money judgment, the trial court may not reduce or modify the amount of arrearages. See TEX. FAM.CODE ANN. § 157.262(a) (Vernon 2002). The final money judgment may, however, be subject to an offset or counterclaim. See TEX. FAM.CODE ANN. § 157.262(f) (Vernon 2002). An affirmative defense must be proved by a preponderance of the evidence. See TEX. FAM.CODE ANN. § 157.006(b) (Vernon 2002).
In three issues, Gottfried claims the trial court abused its discretion in confirming the arrearage because: (1) Chambless did not testify or offer other proof of child support arrearage at the hearing; (2) he was not credited for amounts he paid directly to the child's daycare; and (3) the doctrines of estoppel and laches should have been applied. With respect to the first issue, the record confirms that Chambless did not testify at the hearing and did not offer into evidence the payment chart she had created and attached to her motion for enforcement.[3] However, Gottfried was called as an adverse witness and he acknowledged that the divorce decree ordered him to pay Chambless $860 per month in child support and conceded that he had not made the payments in the manner specified by the divorce decree. Accordingly, we overrule Gottfried's first issue.
With respect to his second issue, Gottfried testified that he and Chambless had a verbal agreement that he would pay $460 per month directly to their daughter's daycare and the remaining $400 to Chambless on a monthly basis. In addition, Gottfried testified that he had been paying the daycare directly since before he and Chambless divorced; Chambless never objected to the arrangement; Chambless' attorney advised Gottfried by telephone not to claim the daycare payment on his taxes or it would be considered a gift; and Chambless did claim the daycare payments for income tax purposes. Gottfried admitted into evidence 15 receipts from the daycare showing total payments made by him in the amount of $6566.
At the conclusion of the hearing, the trial court did not award Chambless the full amount of arrearages she was seeking. *786 Rather, the trial court found that Gottfried owed only $3220, or half of the amount claimed by Chambless. On one hand, such a result implies that the trial court found that a verbal agreement existed between Gottfried and Chambless authorizing Gottfried to pay the $460 per month in child support directly to their daughter's daycare. Such an implied finding is further confirmed by the court's oral finding that both parties were responsible for the confusion regarding payment of the child support. The court stated, "[w]e are saying that they were both responsible for allowing this to happen the way it did and, of course, because of the decree wording. It's a combination of problems."
On the other hand, we are perplexed as to why the trial court found an arrearage of $3220 because the evidence as to the amounts Gottfried paid the daycare was undisputed; in fact, the evidence showed he paid the daycare $6566, which is more than the alleged $6441 arrearage. Accordingly, the court's implied finding of an agreement could only have resulted in an arrearage of zero.[4]See Buzbee v. Buzbee, 870 S.W.2d 335, 339 (Tex.App.-Waco 1994, no writ) (court not limited to court registry record in determining how much child support obligor actually paid). Instead, by ordering Gottfried to pay half of the claimed arrearage, it appears the trial court in effect "split the baby" based on its finding that each party bore responsibility, which leads us to Gottfried's third issue.
Gottfried maintains that based on the evidence presented at the hearing, the trial court should have applied the equitable doctrine of estoppel or quasi-estoppel to bar Chambless from recovering the $3220 as an arrearage.[5] Estoppel is an affirmative defense requiring the party asserting it to establish: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge, or the means of knowledge, of those facts; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. See In re M.W.T., 12 S.W.3d 598, 603 (Tex. App.-San Antonio 2000, pet. denied). Quasi-estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with the one in which he acquiesced or accepted a benefit. Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864 (Tex.2000). Misrepresentation by one party, and reliance by the other, are not necessary elements of quasi-estoppel. Vessels v. Anschutz Corp., 823 S.W.2d 762, 765 (Tex.App.-Texarkana 1992, writ denied).
Gottfried cites us to two cases in which estoppel was raised as a defense by fathers who were led to believe that they had relinquished their parental rights and then were sued for past-due child support. See Kawazoe v. Davila, 849 S.W.2d 906 (Tex.App.-San Antonio 1993, no writ); La-Rue v. LaRue, 832 S.W.2d 387 (Tex.App.-Tyler 1992, no writ).[6] Although the instant *787 case does not involve a relinquishment situation, we conclude that the estoppel principles apply equally to these facts. Quasi-estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he accepted a benefit. Vessels, 823 S.W.2d at 765. For fifteen months, Chambless knew that Gottfried paid their daughter's daycare tuition, and never complained. Furthermore, the phone call from Chambless' attorney to Gottfried concerning his tax return led Gottfried to believe that Chambless approved of the payment arrangement. Moreover, Gottfried presented receipts proving that he paid the daycare $6,566. Although a parent may always voluntarily provide more support for a child than is required by court order, Bobo v. Womble, No. 03-99-00730-CV, 2000 WL 962553, at *3 (Tex.App.-Austin Jul. 13, 2000, pet. denied) (not designated for publication), there is nothing in the record to support a conclusion that Gottfried intended for the daycare payments to be in addition to his court-ordered support payments. In fact, uncontroverted evidence showed that Chambless herself benefited by claiming the daycare expenses on her taxes. We hold that Gottfried has established the requisite elements to prove his affirmative defense of quasi-estoppel. See Lopez, 22 S.W.3d at 864. Accordingly, the judgment confirming the child support arrearage must be reversed, and a take-nothing judgment rendered.
Dissenting opinion by REBECCA SIMMONS, Justice.
Dissenting by REBECCA SIMMONS, Justice.
Although I concur in the reversal of the trial court's judgment, I must respectively dissent with the disposition of this case.
Like the majority, I am perplexed by the trial court's award of one-half of the amount Chambless claimed was owed. However, I disagree with the majority that such an award implies the trial court found a verbal agreement existed between Gottfried and Chambless authorizing Gottfried to pay the $460 per month in child support directly to their daughter's daycare. This proposed implied finding is inconsistent with the judgment, rendered by the trial court, which failed to award to Chambless the undisputed amount of $6566.00 Gottfried paid the day care. "Inherent in the concept of implying findings in support of the judgment is that any such findings must be consistent with the judgment." Anderson Mill Mun. Utility Dist. v. Robbins, No. 03-04-00369-CV, 2005 WL 2170355, at *6, ___ S.W.3d ___, ___ (Tex. App.-Austin, Sept.8, 2005, no pet.). The reason for reversal in this case is that the judgment cannot be reconciled with the evidence. There were only two choices based on the evidence before the court. Either there was an agreement or there was not. When the trial court awarded one-half the sum, she failed to find an agreement and stated both parties "were responsible."
My chief objection with the majority, however, rests in the disposition of this case. Having found that the trial court abused its discretion, the majority renders *788 a take nothing judgment. Such a disposition requires a holding that Gottfried conclusively established his affirmative defense of estoppel. In other words, the evidence in support of estoppel was so strong that reasonable minds could draw only one conclusion from the evidence. LaRue v. LaRue, 832 S.W.2d 387, 392 (Tex.App.-Tyler 1992, no writ). The record does not support such a holding.
Gottfried bore the burden of proving his affirmative defense of estoppel. Five elements are necessary in order to assert estoppel successfully: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge or the means of knowledge, of those facts; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. In re M.W.T., 12 S.W.3d 598, 603 (Tex. App.-San Antonio 2000, pet. denied). Although estoppel or quasi-estoppel principles may apply to the facts in this case, the evidence is not conclusive. There is no implied finding that an agreement existed between the parties and we cannot substitute our judgment for that of the fact finder. The fact Chambless did not complain that Gottfried paid the day care, rather than Chambless directly, does not conclusively establish quasi-estoppel. The child support order in place specifically ordered the child support payments be paid to Chambless. There is no conclusive evidence Chambless affirmatively misled Gottfried. See id. at 603 (holding estoppel principles inapplicable in this retroactive child support case when father had duty of support). For these reasons I would remand the case to the trial court for further proceedings.
NOTES
[2] Chambless did not file a cross-appeal challenging the trial court's failure to award the full $6,441 that she originally sought to recover.
[3] We note Chambless' motion for enforcement seeks a total arrearage of $6,441, but does not set forth the mandatory requirements of TEX. FAM.CODE ANN. § 157.002(b)(1) and (2) (Vernon 2002), instead referencing an attached "schedule of missed payment(s)."
[4] We acknowledge that absent court approval, a verbal agreement modifying the payment terms of a divorce decree is unenforceable. See Sudan v. Sudan, 145 S.W.3d 280, 285 (Tex.App.-Houston [14th Dist.] 2004), rev'd on other grounds, 199 S.W.3d 291 (Tex.2006). Here, however, Gottfried did not seek to reduce or modify his child support payments, but merely asked the court to recognize the payments he made directly to the daycare as per his verbal agreement with Chambless.
[5] In his answer to the motion for enforcement, Gottfried pled "estoppel, laches, and other theories of limitation that may apply."
[6] These two cases both involve a situation where the mother told the father that she was going to terminate his parental rights and the father then signed parental termination papers. See Kawazoe, 849 S.W.2d at 907-08; LaRue, 832 S.W.2d at 388-89. Believing that his parental rights had indeed been terminated, the father stopped paying child support. Kawazoe, 849 S.W.2d at 908; LaRue, 832 S.W.2d at 389. It was not until several years later that the mother sued to enforce the child support obligation under the divorce decree, and finally told the father that she had not proceeded with the termination. Kawazoe, 849 S.W.2d at 908; LaRue, 832 S.W.2d at 389.