256 S.W.3d 470 (2008)
In the Interest of M.M.S. and I.M.S., Children.
No. 05-06-01602-CV.
Court of Appeals of Texas, Dallas.
May 28, 2008.
*473 Victoria G. Warner, Rowlett, for Appellant.
Charles Clyde Philips, Philips & Epperson, L.P., McKinney, for Appellee.
Before Justices MORRIS, WRIGHT, and MOSELEY.

OPINION
Opinion by Justice MORRIS.
In this family law case, the trial court signed an order modifying the parent-child relationship and a judgment for child support arrears. Steven James Stewart contends on appeal that the trial court misapplied the law and abused its discretion in ruling on the issues presented. After reviewing the record, we conclude the trial court abused its discretion in modifying the possession and visitation portions of the divorce decree between Stewart and Shawna Stewart-Bench. We further conclude the trial court did not err or abuse its discretion in awarding Stewart-Bench a judgment for child support arrears. We reverse the modification order and affirm the judgment for arrears.

I.
On February 14, 2005, a final decree of divorce was signed terminating the marriage of Steven James Stewart and Shawna Stewart-Bench. The decree appointed the parties as joint managing conservators of their two minor children, M.M.S. and I.M.S., and ordered standard possession. At the time the decree was signed, Stewart was, and continues to be, a resident of Oklahoma. The decree contained provisions setting forth the terms of possession for parents who live more than 100 miles apart. The terms allowed Stewart to choose whether he wanted to exercise weekend possession of the children on the first, third, and fifth weekends of the month or only one weekend a month. Nothing in the decree precluded Stewart from exercising his periods of possession at his home in Oklahoma.
In January 2006, Stewart filed a motion to modify the parent-child relationship.[1] This motion was followed two months later by a motion for temporary orders. In his motion for temporary orders, Stewart requested, among other things, that he be allowed to place the children on his health insurance. A hearing was held on Stewart's motion for temporary orders, but no order was signed as a result of that hearing.
In April 2006, Stewart-Bench filed an amended motion to enforce payment under the health care provisions of the divorce decree contending Stewart had failed and refused to pay his portion of the children's medical expenses.[2] The trial court held a hearing on both Stewart's motion for modification and Stewart-Bench's motion for enforcement. After hearing the evidence, the trial court granted Stewart-Bench's motion for enforcement and awarded her $1,810.49 for past due medical expenses and $4,639.15 in attorney's fees. The trial court also signed an order modifying the possession and visitation portions of the divorce decree, but not in the manner requested by Stewart. The trial court modified the decree to order that all of Stewart's periods of possession be exercised in Texas and that his weekend possession be limited to one weekend per month. The trial court denied Stewart's request to modify the decree to allow him to place the *474 children on his health insurance. Stewart brings this appeal challenging both the modification order and the judgment for arrears.

II.
In his first issue on appeal, Stewart contends the trial court erred in applying the law and abused its discretion when it denied his request to place the children on his health insurance.[3] In arguing the trial court was required to modify the decree to allow him to place the children on his health insurance, Stewart relies on section 154.182(b) of the Texas Family Code. The language of section 154.182(b) in effect at the time the decree and the modification order were signed stated:
In determining the manner in which health insurance for the child is to be ordered, the court shall render its order in accordance with the following priorities, unless a party shows good cause why a particular order would not be in the best interest of the child:
(1) if health insurance is available for the child through the obligor's employment or membership in a union, trade association, or other organization at reasonable cost to the obligor, the court shall order the obligor to include the child in the obligor's health insurance.
See Act of May 11, 2001, 77th Leg., R.S., ch. 449, 2001 Tex. Gen. Laws 885 (amended 2007) (current version at TEX. FAM.CODE ANN. § 154.182 (Vernon Supp.2007)). The original decree, ordered that Stewart-Bench maintain the children as dependents on the health insurance plan provided by her employer. Stewart later obtained health insurance through his employment at no cost to him. He argues he presented evidence at the hearing that his insurance was superior to that provided by Stewart-Bench. Accordingly, Stewart contends the trial court should have modified the original decree to comply with the requirements of section 154.182.
First, we note that the current language of section 154.182 no longer gives preference to the obligor's health insurance. See TEX. FAM.CODE ANN. § 154.182(b)(1) (Vernon Supp.2007). Under the present statute, preference is given to health insurance available through an employer, union, trade association, or other organization regardless of which parent is the obligor. Id. Furthermore, nothing in either version of the statute requires the trial court to modify an existing order designating that the children be placed on the obligee's health insurance simply because the obligor later obtains health care coverage through his employer. Id. § 154.182; Act of May 11, 2001, 77th Leg., R.S., ch. 449, 2001 Tex. Gen. Laws 885 (amended 2007).
Finally, former section 154.182, like the current version, states that an obligor's health insurance will be given priority "unless a party shows good cause why [that] particular order would not be in the best interest of the child." See Act of May 11, 2001, 77th Leg., R.S., ch. 449, 2001 Tex. Gen. Laws 885 (amended 2007). In this case, Stewart-Bench presented testimony that Stewart's job history was unstable and she was concerned that the children have consistent insurance coverage. By comparison, the children had been continuously receiving medical care through the *475 health insurance provided by Stewart-Bench's employer since the time the divorce became final. After reviewing the record, we conclude the trial court did not err in applying the law or abuse its discretion in refusing to modify the health care coverage provisions of the final divorce decree. We resolve Stewart's first issue against him.
In his second and third issues, Stewart contends the trial court erred and abused its discretion in modifying his visitation and possession rights with the children. Stewart argues the trial court could not alter the visitation and possession order in favor of Stewart-Bench because she had no pleadings on file requesting modifications. Even assuming the modifications conformed to the pleadings, we conclude that the trial court abused its discretion in making the modifications because there is no evidence to support a finding that the modifications made were in the best interest of the children.
The only testimony about possession and visitation related to occasional weekend possession periods being exercised by Stewart's parents instead of Stewart and a dispute between Stewart-Bench and Stewart over one period of extended summer possession. Stewart-Bench testified at the hearing that she believed Stewart generally exercised his weekend visitation with the children "on average about once a month." On the other occasions, according to Stewart-Bench, the children would stay with Stewart's parents in Texas. Stewart stated that even when the children stayed with his parents, he was able to see them.
The parties also testified that Stewart chose to exercise a forty-two day possession period with the children during the summer of 2006 as permitted by the divorce decree. Stewart-Bench notified Stewart by letter that she planned to exercise two weekend periods of possession during that time and stated the dates she intended to pick the children up from Stewart's residence. Stewart responded that the weekends she had chosen for possession were not possible because plans with the children on those dates had already been made. Stewart noted that Stewart-Bench had not informed him of the dates she wished to exercise possession within the time frame required by the divorce decree and he offered her two other weekends. Stewart-Bench then stated in a reply letter that she intended to exercise her weekend possession on the dates stated in her initial notification and threatened Stewart with a motion for contempt if he did not make the children available on those dates. When Stewart-Bench traveled to Stewart's residence in Oklahoma on the first of the weekends she specified for exercising possession, there was no one at the house. She returned home to Texas without the children.
Based on this evidence, the trial court modified the divorce decree to remove Stewart's option of exercising his weekend possession periods on the first, third, and fifth weekends of the month and limited Stewart's periods of weekend possession to only one weekend per month. The trial court further ordered that all of Stewart's periods of possession and access to the children be exercised within the boundaries of the State of Texas. The only findings to support the modifications in the trial court's findings of fact and conclusions of law were that Stewart had "intentionally failed and refused to make the children available for the designated periods of mother's possession as Ordered by the court" and Stewart-Bench had "incurred unnecessary travel and expense in order to attempt to exercise her visitation and the same was unreasonably denied by [Stewart]." The trial court then stated the *476 modifications were "in the best interest of the children."
When determining whether a trial court has abused its discretion in modifying provisions related to custody, possession, and visitation, we examine whether the trial court had sufficient information on which to exercise its discretion and, if so, whether it acted reasonably in the application of its discretion to those facts. See Blackwell v. Humble, 241 S.W.3d 707, 715 (Tex.App.-Austin 2007, no pet.). Legal and factual sufficiency are not independent grounds of error under such a review but are relevant factors in assessing whether the trial court abused its discretion. See Baltzer v. Medina, 240 S.W.3d 469, 475 (Tex.App.-Houston [14th Dist.] 2007, no pet.). There is no abuse of discretion so long as some evidence of a substantive and probative character supports the trial court's decision. Id. Where the record is devoid of evidence supporting the decision to modify, however, the trial court abuses its discretion in altering the terms of a parent's custody, possession, or visitation. Id. The court may not modify an order establishing custody, possession, or visitation unless the modification would be in the best interest of the child. See TEX. FAM.CODE ANN. § 156.101 (Vernon Supp. 2007).
After reviewing the record on appeal, we conclude there is no evidence to support the trial court's decision that it was in the best interest of the children to modify the standard possession order and decrease their visitation with Stewart. Stewart was living in Oklahoma at the time the divorce decree was signed and he continues to live there, where he has remarried and maintains a home and employment. The original decree did not limit Stewart's possession of the children to the State of Texas and there was no evidence presented that Stewart exercising his periods of possession in Oklahoma was detrimental to the children in any way. The trial court's only finding regarding travel to Oklahoma was that Stewart-Bench was inconvenienced by unnecessary travel and expense on one occasion. There was no evidence the children were affected by the distance or location. By comparison, ordering Stewart to exercise his periods of possession in Texas, away from his home and place of employment, would significantly affect the amount of time he could spend with the children.
Similarly, there is no evidence to support the trial court's order limiting Stewart's periods of weekend possession to only once a month. The only testimony about weekend possession centered on Stewart's periods of possession sometimes being exercised by or with his parents. There was no evidence that these visits with the children's grandparents harmed the children or that they were not in the children's best interest. Indeed, there was no evidence of any sort that the best interest of the children would be served by limiting Stewart's rights to weekend possession.
The Texas Legislature has specifically stated that it is the public policy of the state to "encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child." See TEX. FAM.CODE ANN. § 153.251 (Vernon 2002). To achieve this end, the legislature established a presumption that a standard possession order provides the reasonable minimum possession of a child for a parent named as a joint managing conservator, as in the case here, and such order is in the best interest of the child. See id. § 153.252. Given this state's policy and the complete absence of evidence to support a finding that it was in the best interest of the children to alter the standard possession order and limit their contact *477 with Stewart, we conclude the trial court abused its discretion in modifying the possession and visitation provisions of the original decree. We resolve Stewart's third issue in his favor. Because of our resolution of the third issue, it is unnecessary for us to address Stewart's second issue.
In his fourth issue, Stewart contends the trial court erred in granting the enforcement order and awarding a money judgment in favor of Stewart-Bench because she failed to meet her burden of proof. Specifically, Stewart argues Stewart-Bench did not properly authenticate the bills she alleged that he failed to pay and the trial court erred in admitting the bills into evidence. Stewart also argues the evidence does not show that he was in arrears in his payment of the medical expenses.
Under the divorce decree, Stewart-Bench was required to submit to Stewart, within ten days of receiving them, all forms, receipts, bills, and explanations of benefits reflecting the uninsured portion of the health care expenses she incurred on behalf of the children. In turn, Stewart was required to pay his portion of the expenses by either paying the medical provider directly or reimbursing Stewart-Bench for any payment she made in excess of her share. Stewart-Bench's motion for enforcement listed all of the uninsured expenses for which she alleged Stewart failed to pay his share. The listing included the dates the expenses were incurred, the name of the medical provider, the name of the child for whom the expense was incurred, and the amount allegedly owed.
At the hearing, Stewart-Bench submitted copies of the original documents used to support her motion for enforcement. She testified they were true and correct copies of the medical bills, receipts, and explanations of benefits she received and that she kept the documents in the ordinary course of obtaining medical treatment for the children. She also testified that she sent copies of all the documents being offered into evidence to Stewart within ten days of receiving them as required by the divorce decree. We conclude this testimony sufficiently authenticated the documents and the trial court properly admitted them into evidence. See TEX.R. EVID. 901.
Stewart contends Stewart-Bench should have attached to her motion for enforcement copies of the bills she claims were not paid as provided by section 157.162 of the Texas Family Code. Section 157.162 states that "[a] copy of the payment record attached to the motion [for enforcement] is evidence of the facts asserted in the payment record and is admissible to show whether payments were made." TEX. FAM. CODE ANN. § 157.162 (Vernon Supp.2007). The rule simply addresses the admissibility of certain evidence. Nothing in the rule requires a movant to attach a payment record. Nor does the rule prevent a movant from submitting proof of arrears by a different method.
Stewart also contends the trial court erred in refusing to admit certain rebuttal documents he offered into evidence. The excluded evidence about which he complains was a proposed exhibit containing "back up documentation" showing what bills he paid and what bills he did not pay, together with the reasons why bills were not paid. Stewart offered this exhibit immediately after the trial court admitted into evidence his written summary of the documents contained in the exhibit. Included in the admitted summary was a listing of all the bills, payments, and reasons for non-payment. When Stewart offered the "back up documentation" for admission into evidence, the trial court refused to admit the exhibit as part of *478 Stewart's "summary." Instead, the trial court asked him to pick out the specific documentation from the exhibit necessary to support a disputed payment at the time the particular payment or bill was addressed. He did not do so.
The admission and exclusion of evidence is a matter committed to the trial court's sound discretion. See Interstate Northborough P'ship v. State, 66 S.W.3d 213, 220 (Tex.2001). To reverse a judgment based on alleged error in the exclusion of evidence, a party must show both that the trial court erred and that the error was reasonably calculated to cause, and probably resulted in, an improper judgment. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.1989). Ordinarily, the erroneous exclusion of evidence requires reversal only if the evidence is controlling on a material issue and not cumulative of other evidence presented. See Mentis v. Barnard, 870 S.W.2d 14, 16 (Tex.1994).
In this case, the trial court did not exclude the evidence about which Stewart complains, but instead requested Stewart to divide the evidence into separate exhibits to more specifically address the disputed issues. Stewart failed to re-offer the evidence in this form.
Even if we were to conclude the trial court's action amounted to an exclusion of the evidence, Stewart has failed to show how this exclusion probably resulted in the rendition of an improper judgment. Stewart's counsel stated at trial that the exhibit merely provided the documentation to support Stewart's summary already admitted into evidence. In addition, Stewart testified at length regarding the medical payments at issue and his reasons for refusing to pay the amounts he allegedly owed. The "back up documentation" he contends was wrongfully excluded did not add any new information to his summary and oral testimony. The evidence was, therefore, cumulative and its exclusion did not constitute reversible error. Id.
Finally, Stewart contends the trial court abused its discretion in granting the money judgment against him because Stewart-Bench did not provide sufficient evidence to show that he was in arrears. A trial court abuses its discretion with respect to factual determinations in a child support arrearage determination when it acts without reference to guiding rules or principles. See In re A.L.G., 229 S.W.3d 783, 784 (Tex.App.-San Antonio 2007, no pet.). A trial court abuses its discretion with respect to legal matters in such a case when it acts unreasonably and arbitrarily. See id. The trial court does not abuse its discretion if it bases its decision to award arrears on conflicting evidence and some evidence supports its decision. See id.
Stewart argues that Stewart-Bench's testimony at trial was "confused" regarding what amount she claimed she was owed. We disagree. At trial, Stewart-Bench presented summaries and copies of the bills and insurance information she sent to Stewart relating to the children's medical costs. She testified she sent copies of all the information required under the divorce decree in a timely manner. She further testified that the bills she submitted as evidence represented the medical costs that Stewart had not paid as required under the divorce decree.[4] The total amount Stewart allegedly owed was $1942.29.
*479 Stewart stated at trial that he had paid $131.80 of the amount being claimed by the Stewart-Bench but refused to pay the rest. Stewart claimed he was not responsible for some of the charges because Stewart-Bench had used out-of-network medical providers and, therefore, was responsible for paying the entire charge under the terms of the divorce decree.[5] Stewart disputed the remaining charges stating either that he wanted more information before paying the bills or he believed there was a credit with the doctor's office that needed to be applied before he was required to pay. Stewart-Bench responded that it was her understanding from the medical providers that all services for the children had been covered as "in-network." She further testified she had given Stewart all the information she had and all that was required under the divorce decree. She stated that any credit with the doctor's office was applicable only to medical services rendered to her as a patient and not to services rendered to the children. The trial court awarded Stewart-Bench a judgment for $1810.49, which is the amount she claimed was owed less the amount Stewart stated he had paid. Based on the foregoing, we conclude the trial court did not abuse its discretion in awarding this amount. We resolve Stewart's fourth issue against him.
In his fifth and final issue, Stewart contends the trial court erred and abused its discretion in awarding Stewart-Bench attorney's fees because the amount was excessive and counsel for Stewart-Bench failed to prove the reasonableness of the fees requested. The Texas Family Code states that if a court finds that the respondent in an enforcement action "has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." TEX. FAM.CODE ANN. § 157.167 (Vernon Supp.2007). Stewart contends the evidence does not support the trial court's fee award because Stewart-Bench's counsel failed to describe the nature and extent of his work on the case and failed to provide a sufficient breakdown of the time he spent on the motion to modify and the motion for enforcement.
The nature and extent of the legal services performed is typically expressed by the number of hours worked and the hourly rate charged. See Sandles v. Howerton, 163 S.W.3d 829, 838 (Tex. App.-Dallas 2005, no pet.). There is no requirement, however, that both facts be in evidence to make a determination of attorneys' fees. See id. at 839. In this case, Mother's counsel testified he was board-certified in the area of family law and he charged $300 per hour for his work. He further testified he charged $100 per hour for his assistant's work and that these rates were reasonable and customary for the area. Stewart-Bench's counsel stated that, after segregating out the amount of time he had spent on the motion to modify, Stewart-Bench had incurred attorney's fees in the amount of $4639.15. The trial court awarded her this amount.
Stewart argues that Stewart-Bench's counsel failed to provide billing statements to show how much he charged and how much he had been paid. Any billing statements showing the amount *480 charged would be merely duplicative of the testimony Stewart-Bench's counsel provided regarding the amount charged. And any fees paid by Stewart-Bench would not affect the amount of fees actually incurred or Stewart's obligation to pay them. We conclude the evidence supports the trial court's award of fees.
Lastly, in the heading of his fifth issue, Stewart also states that "[t]he trial court abused its discretion in awarding Stewart-Bench attorney's fees in excess of three times the amount of medical expenses awarded." Stewart provides no argument or authority, however, to support his apparent contention that the award of attorney's fees was excessive based upon its relation to the amount of the judgment. Accordingly, we conclude Stewart has waived this argument on appeal. See TEX. R.APP. P. 38.1(h). We resolve Stewart's fifth issue against him.
Based on the foregoing, we conclude the trial court abused its discretion in modifying the possession and visitation portions of the divorce decree between the parties. We further conclude the trial court did not abuse its discretion in awarding Stewart-Bench child support arrears in the form of past due medical expenses. Accordingly, we vacate the trial court's "Order in Suit to Modify Parent-Child Relationship." We affirm the trial court's "Judgment for Child Support Arrears."
NOTES
[1] The motion to modify does not appear in the record on appeal, but the motion for temporary orders does.
[2] The original motion for enforcement is not in the record.
[3] Stewart's brief on appeal sets forth his arguments regarding "error in applying the law" as issues numbered one through five. Stewart then discusses his arguments regarding "abuse of discretion" as separate issues numbered one through four. For ease of discussion, we have combined our analysis of Stewart's "abuse of discretion" arguments with our analysis of his "error in applying the law" issues. Accordingly, it is unnecessary for us to address separately Stewart's "abuse of discretion" issues.
[4] Stewart-Bench originally included bills from 2004 in her motion for enforcement. She withdrew those bills from her motion when it was noted that the divorce decree was not signed until February 2005.
[5] The divorce decree states "If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO, except in an emergency, without the written agreement of the other party, the party incurring the services is ORDERED to pay 100 percent and the other party is ORDERED to pay 0 percent of all reasonable and necessary health-care expenses not paid by the insurance and incurred by or on behalf of the parties' children. . . ."