# DISSENTING OPINION

No. 04-07-00656-CV

**IN THE INTEREST OF H.G.**, K.G., J.D, and T.G., Children

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 05-1912-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by: Steven C. Hilbig, Justice
Dissenting opinion by: Alma L. López, Chief Justice

Sitting:      Alma L. López, Chief Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   June 11, 2008

Section 153.432 of the Texas Family Code authorizes biological or adoptive grandparents to request possession of or access to a grandchild. TEX. FAM. CODE ANN. § 153.432 (Vernon Supp. 2007). Section 153.434 of the Code then sets a limitation on that authority if certain conditions exist, namely, for purposes of this appeal, if the biological parents of the grandchild have had their rights terminated and the grandchild has been adopted. TEX. FAM. CODE ANN. § 153.434 (Vernon Supp. 2007). In order to create the conditions that would make the limitation applicable in this case, the Gibbenses misrepresented to the Glynns that their possession and access as grandparents would continue. Despite precedent holding that this court's equity jurisdiction can be used to estop a party

from arguing that another party lacks standing, *see Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87-88 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 71-72 (Tex. App.—San Antonio 2007, pet. denied) (applying judicial estoppel to prevent a party from denying standing), the majority holds that the doctrine of quasi-estoppel cannot be applied in this case to prevent the Gibbenses from taking advantage of a statutory limitation that would be inapplicable in the absence of their misrepresentations.

As this court has recognized, a trial court's equitable power is expansive, particularly in cases in which the best interest of a child is in question:

> The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other.

*Hausman v. Hausman*, 199 S.W.3d 38, 42 (Tex. App.—San Antonio 2006, no pet.); *see also Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967) (noting courts are given wide discretion in possession and visitation matters involving children). Quasi-estoppel is an equitable doctrine that operates as an affirmative defense. *Hamilton v. Morris Resources, Ltd.*, 225 S.W.3d 336, 346 (Tex. App.—San Antonio 2007, pet. denied). Quasi-estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with the one in which he acquiesced or accepted a benefit. *In re A.L.G.*, 229 S.W.3d 783, 786 (Tex. App.—San Antonio 2007, no pet.). Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); *Hamilton*, 225 S.W.3d at 346.

Because the Glynns were the managing conservators at the time of the children's adoption, their consent was not simply "part of the adoption process" as stated by the majority. Instead, the Glynns' consent to the adoption was statutorily required. TEX. FAM. CODE ANN. § 162.010 (Vernon 2002) (entitled "**Consent Required**" and providing managing conservator's written consent to adoption "**must be filed**"). In order to obtain that consent, the Gibbenses represented to the Glynns that they would be allowed on-going visitation rights. These representations were made prior to the entry of the adoption order at a time when the Glynns clearly had standing to seek continued possession of and access to the children. *See Bowers v. Matula*, 943 S.W.2d 536, 539-40 (Tex. App.—Houston [1st Dist.] 1997, no writ) (noting grandparents had standing to request grandparent access where they filed their petition requesting access before a termination order or adoption order was in place). Under these circumstances, it would be unconscionable for the Gibbenses to assert the section 152.434 statutory limitation to the standing conferred in section 153.432. This is particularly true where, as here, absent the Gibbenses' misrepresentations the conditions giving rise to that limitation would not exist. Taking into consideration the paramount concern for the best interest of these children, the trial court in this case could and should have exercised its equity jurisdiction because the Gibbenses seek to assert a position contrary to the Gibbenses' promise that the Glynns would be allowed continued access if they consented to the adoption. Because the majority holds to the contrary, I respectfully dissent.

I note that the trial court's application of quasi-estoppel to find the Glynns had standing would mean only that the Glynns have the right to be heard, not the right to win. *See Whitworth v. Whitworth*, 222 S.W.3d 616, 622 n.3 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* TEX.

FAM. CODE ANN. § 153.433 (Vernon Supp. 2007) (requiring grandparent to establish that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being).  Given the Gibbenses' unconscionable actions, the Glynns at the very least deserve their day in court.

Alma L. López, Chief Justice