*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00930-CV

**IN THE INTEREST OF J.D.D.** and M.R.D., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-04619
Honorable Michael Peden, Judge Presiding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    September 2, 2009

AFFIRMED

Andrea Romano appeals the trial court's order modifying the conservatorship provisions of a divorce decree by appointing Kenneth J. Durcan as the primary joint managing conservator of M.R.D. with the exclusive right to designate M.R.D's residence.  On appeal, Romano contends the trial court abused its discretion because the evidence did not support the trial court's findings that a material and substantial change had occurred and that modification was in M.R.D.'s best interest. Romano also contends the trial court was precluded from modifying the conservatorship "due to pattern or history of family violence."  We affirm the trial court's order.

---

[1] The Honorable Andy Mireles presided over the hearing in the underlying cause and verbally pronounced the ruling.  The Honorable Michael Peden signed the order.

## STANDARD OF REVIEW

In determining issues of possession and access, the primary consideration is always the best interest of the child. *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.). Trial courts have broad discretion to determine what is in a child's best interest. *Id*. On appeal, we will not disturb a trial court's order modifying conservatorship unless a clear abuse of discretion is established by the complaining party. *Id*.

Because conservatorship determinations are intensely fact driven, the trial court is in the best position to observe the witnesses and "feel" the forces, powers, and influences that cannot be discerned by merely reading the record. *Id*. at 418-19. We defer to the trial court's resolution of underlying facts and to credibility determinations that may have affected its determination, and we will not substitute our judgment for the trial court's. *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Legal and factual insufficiency challenges are not independent grounds for asserting error in custody determinations, but are relevant factors in assessing whether the trial court abused its discretion. *Id*. at 427-28; *In re M.M.S.*, 256 S.W.3d 470, 476 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *In re A.L.E.*, 279 S.W.3d at 428; *In re M.M.S.*, 256 S.W.3d at 476.

## DISCUSSION

In her first issue, Romano contends the trial court abused its discretion in modifying the conservatorship provisions of the parties' divorce decree because all of the essential elements were not established. A trial court may modify a conservatorship order if: (1) modification would be in

the best interest of the child; and (2) the circumstances of the child, a conservator, or other person affected by the order have materially and substantially changed since the date of the rendition of the prior order. TEX. FAM. CODE ANN. § 156.101 (Vernon 2008). In deciding whether a material and substantial change of circumstances has occurred, a trial court is not confined to rigid or definite guidelines. *In re A.L.E.*, 279 S.W.3d at 428; *In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.). Instead, the court's determination is fact-specific and must be made according to the circumstances as they arise. *In re A.L.E.*, 279 S.W.3d at 428; *In re T.W.E.*, 217 S.W.3d at 559. A non-comprehensive list of material changes, as described by other courts, can include (1) marriage of one of the parties, (2) poisoning of the child's mind by one of the parties, (3) change in the home surroundings, (4) mistreatment of the child by a parent or step-parent, or (5) a parent's becoming an improper person to exercise custody. *In re A.L.E.*, 279 S.W.3d at 428-29.

Romano and Durcan divorced in 2002, and Romano was appointed primary joint managing conservator of the parties' children, J.D.D. and M.R.D. In April of 2004, Durcan filed a petition to modify conservatorship, and the trial court signed temporary orders in November of 2004, appointing Durcan as primary joint managing conservator of M.R.D. The trial court signed the final order being appealed after a hearing in January of 2008.

M.R.D. was twelve at the time of the 2008 hearing. The evidence established that since the parties' divorce, M.R.D. began experiencing difficulties in school due to his ADHD. He required help with homework and was having trouble in school with his behavior. The evidence further established that since the parties' divorce, Durcan was placed on disability and was receiving disability benefits. Durcan had remarried, and he stayed at home while his wife worked. Durcan was able to pick M.R.D. up from school and ensure that he completed his homework, providing

assistance as needed. M.R.D. had been residing with Durcan under temporary orders since 2004 and had made significant progress in school, including being placed on the honor roll, since moving from a public school to a private school known for working with ADHD children and where M.R.D. received more individualized attention.

Romano worked full-time, which sometimes required M.R.D. to be left in the care of his sister, J.D.D., who was sixteen at the time of the 2008 hearing. Durcan testified that he believed J.D.D. was somewhat resentful of being required to care for M.R.D., and J.D.D. sometimes antagonized M.R.D. by calling him names. Romano confirmed that J.D.D. would sometimes call M.R.D. names although Romano did not believe the name-calling was intended in a negative way. Romano had taken the children to visit an ex-boyfriend who was in prison and testified that she would continue to have some involvement with the ex-boyfriend if he was paroled. The record also contains a child custody evaluation confirming that Romano interfered with Durcan's visitation, and both the evaluation and another order contained in the record established that Romano failed to follow through appropriately with the children's counseling.

In addition to the foregoing evidence, the trial court interviewed M.R.D. off the record with only the attorney ad litem present, and the attorney ad litem stated on the record that M.R.D. had progressed in Durcan's care and recommended that the status quo under the temporary orders be maintained. Based on the evidence presented, the trial court did not abuse its discretion in determining that the circumstances of M.R.D. and Durcan had materially and substantially changed and that modification of conservatorship was in M.R.D.'s best interest.

In her second issue, Romano contends the trial court was precluded from modifying the order "due to pattern or history of family violence." Having reviewed the record, however, no evidence

was presented regarding a pattern or history of family violence. Although Durcan had been diagnosed with obsessive-compulsive disorder and post-traumatic stress disorder prior to the divorce, he testified that he was taking medication for those conditions, and no evidence was presented that he had acted violently toward his family or the children.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice