Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00057-CV

**IN THE INTEREST OF A.B.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 03-EM5-03280
Honorable Andy Mireles, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 7, 2009

AFFIRMED

William Black appeals the trial court's order denying his motion to modify in which Black sought to be appointed as the person who had the right to designate the primary residence of A.B. Black contends the trial court erred in concluding no substantial or material change in circumstances had occurred.  Black also contends the trial court erred in denying his request for additional or amended findings of fact and conclusions of law.  We affirm the trial court's order.

### MATERIAL AND SUBSTANTIAL CHANGE

In his first issue, Black asserts that the trial court erred in finding that no material and substantial change in circumstances warranted a modification of the person with the right to establish

the primary residence of A.B. At the time Black filed his motion to modify, A.B.'s mother, Nydia Montelongo, was the person with the right to establish A.B.'s primary residence.

In determining issues of possession and access, the primary consideration is always the best interest of the child. *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.). Trial courts have broad discretion to determine what is in a child's best interest. *Id*. On appeal, we will not disturb a trial court's ruling on a motion to modify conservatorship unless a clear abuse of discretion is established by the complaining party. *Id*.

Because conservatorship determinations are intensely fact driven, the trial court is in the best position to observe the witnesses and "feel" the forces, powers, and influences that cannot be discerned by merely reading the record. *Id*. at 418-19. We defer to the trial court's resolution of underlying facts and to credibility determinations that may have affected its determination, and we will not substitute our judgment for the trial court's. *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Legal and factual insufficiency challenges are not independent grounds for asserting error in custody determinations, but are relevant factors in assessing whether the trial court abused its discretion. *Id*. at 427-28; *In re M.M.S.*, 256 S.W.3d 470, 476 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *In re A.L.E.*, 279 S.W.3d at 428; *In re M.M.S.*, 256 S.W.3d at 476.

A trial court may modify a conservatorship order if: (1) modification would be in the best interest of the child; and (2) the circumstances of the child, a conservator, or other person affected by the order have materially and substantially changed since the date of the rendition of the prior order. TEX. FAM. CODE ANN. § 156.101 (Vernon 2008). In deciding whether a material and

substantial change of circumstances has occurred, a trial court is not confined to rigid or definite guidelines. *In re A.L.E.*, 279 S.W.3d at 428; *In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.). Instead, the trial court's determination is fact-specific and must be made according to the circumstances as they arise. *In re A.L.E.*, 279 S.W.3d at 428; *In re T.W.E.*, 217 S.W.3d at 559.

In this case, Black challenges the sufficiency of the evidence to support the trial court's finding that no material and substantial change in circumstances had occurred. Black refers to evidence regarding the number of times A.B. had changed schools, the arrest record and character of Montelongo's husband, and alleged abuse.

In making its findings in this case, the trial court was required to assess the credibility of the witnesses in resolving conflicting testimony. Although Black testified that A.B. had attended six schools in two years in an effort to show a material and substantial change in circumstances, the trial court's findings were based on the testimony presented by Montelongo. The trial court found that A.B. attended one school his entire kindergarten year. The trial court found that although A.B. attended three schools during his first grade year, the first change was due to Montelongo changing residences from an apartment to a rental home. The second change was due to a dispute that Montelongo had with her then fiancee, who was her husband at the time of the hearing. Although Montelongo and her fiancee reconciled before the end of the school year, Montelongo allowed A.B. to complete his first grade school year without changing schools again. A.B. began his second grade year at one of the schools he attended in first grade until Montelongo purchased a home. A.B. was briefly enrolled in the school which was three blocks from their new home until the trial court entered temporary orders requiring a change in schools. Montelongo also explained that A.B. had

been tardy to school on a number of occasions but the transportation issues that gave rise to that problem had been resolved. The trial court could have concluded from this testimony that changing schools, especially in an effort to progress from an apartment to a rental home to their own home, was not a material and substantial change in circumstances.

Conflicting evidence also was presented with regard to the arrest record of Montelongo's husband and whether he was physically or verbally abusive. The trial court excluded an arrest record Black sought to introduce into evidence because it was not a certified copy. In addition, the trial court resolved the conflicting testimony by finding no credible evidence to support the allegation that Montelongo's husband was prosecuted for a felony offense or had been physically abusive. Similarly, the trial court resolved conflicting testimony regarding Montelongo's personal arrest record. The evidence established that Montelongo had completed probation for a theft offense that occurred four years before the hearing, and Montelongo was in the process of resolving traffic tickets.

Although the evidence showed changes in the circumstances, the trial court did not abuse its discretion in finding that the changes were not material and substantial. Accordingly, Black's first issue is overruled.

### ADDITIONAL FINDING

In his second issue, Black complains that the trial court erred in failing to file Additional Findings of Fact and Conclusions of Law. A trial court is required to make findings or additional findings only on ultimate, controlling issues, not mere evidentiary issues. *In re A.A.E.*, No. 13-03-528-CV, 2005 WL 1364084, at *5 (Tex. App.—Corpus Christi June 9, 2005, no pet.) (mem. op.); *In re Marriage of Jameson*, No. 07-02-0476-CV, 2004 WL 237829, at *1-2 (Tex. App.—Amarillo

Feb. 9, 2004, pet. denied) (mem. op.). All of the additional findings requested by Black related to evidentiary issues except the request that the trial court make a finding or conclusion regarding A.B.'s best interest. *See In re A.A.E.*, 2005 WL 1364084, at *5 (noting best interest of child is ultimate or controlling issue); *In re Marriage of Jameson*, 2004 WL 237829, at *2 (same).

The trial court was not required to make additional findings regarding evidentiary issues. *In re A.A.E.*, 2005 WL 1364084, at *5; *In re Marriage of Jameson*, 2004 WL 237829, at *1-2. Although the trial court likely should have granted the additional finding with regard to A.B.'s best interest, if the refusal to file additional findings does not prevent a party from adequately presenting an argument on appeal, there is no reversible error. *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 612-13 (Tex. App.—Fort Worth 2006, pet. denied); *City of San Antonio v. El Dorado Amusement Co.*, 195 S.W.3d 238, 244 (Tex. App.—San Antonio 2006, pet. denied). In this case, in order to establish that the trial court abused its discretion in denying the motion to modify, Black was required to show that the trial court abused its discretion in finding no material and substantial change in circumstances. The absence of a finding regarding A.B.'s best interest did not prevent Black from presenting his argument relating to the trial court's finding of no material and substantial change in circumstances. Because we hold the trial court did not abuse its discretion in finding no material and substantial change in circumstances, the trial court's refusal to issue a finding regarding A.B.'s best interest is not reversible error.

### Conclusion

The trial court's order is affirmed.

Catherine Stone, Chief Justice