Opinion issued March 12, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00840-CV

## NO. 01-18-00843-CV

———————————

**IN THE INTEREST OF K. D. B., A Child**

**IN THE INTEREST OF L.R.A., A Child**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 2014-61822 and 2003-69065**

---

## CONCURRING AND DISSENTING OPINION

Because this is a modification of conservatorship, possession, and access, the Texas Department of Family and Protective Services only needed to show by a preponderance of the evidence that the modifications were in the best interest of

the child. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (standard of proof for conservatorship decisions is preponderance of the evidence). Because our review is only for an abuse of the trial court's discretion, I concur with the Court's opinion as to issues one and two, the modification of the conservatorship orders.

But the Department also bore the burden of coming forward with evidence concerning Laura's and Kevin's best interests as to modification of visitation with their mother, which has different considerations. *See* TEX. FAM. CODE §§ 156.001, .101(a). Because the record is bereft of evidence indicating that requiring supervised visitation and possession is in the best interests of the children, particularly Laura, I disagree that the Department has overcome the presumption against such restricted access and therefore dissent as to issue three. *See id.* § 153.252.

No one disputes that Laura and Kevin's mother loves them and makes efforts to be involved in their lives. There is no suggestion that Laura and Kevin's mother has behaved inappropriately toward them or mistreated them during visits, only that the fathers do not want to be responsible for supervising the visits. *Compare with In re S.N.Z.*, 421 S.W.3d 899, 907 (Tex. App.—Dallas 2014, pet. denied) (affirming supervised visitation where trial court found mother had a history of neglecting and abusing the child and there was a legitimate fear of mother absconding with the child). There was no testimony from the fathers about

why they preferred supervised visitation. The fact that Laura and Kevin's mother has tested positive for marijuana and PCP does not support upsetting the presumption of normal, unsupervised visitation, without an indication that she used these substances around her children or that her use of these substances affected her interactions with them. *Cf. In re N.J.H.*, No. 01-18-00564-CV, 2018 WL 6617360, at *9 (Tex. App.—Houston [1st Dist.] 2018, no pet. h.) (Brown, J., concurring) (mem. op.) (in termination case, reliance on marijuana use for endangerment finding should be tied to evidence of impairment or other risk to a child's health or safety).

Moreover, vague allusions to the mother's mental health or her hostility toward the Department do not permit a conclusion that her children would be better off never seeing her without direct supervision, even in a public place. It does not appear that anyone asked Laura whether she wanted to have only supervised access to her mother. Children require frequent contact with a parent to maintain a close and continuing relationship. TEX. FAM. CODE § 153.251(b); *see In re M.M.S.*, 256 S.W.3d 470, 476–77 (Tex. App.—Dallas 2008, no pet.) (court violated public policy under Texas Family Code § 153.251 and abused its discretion by modifying possession order to limit the father's contact with children without evidence that doing so was in the children's best interests). Because there was insufficient evidence that supervised visitation was in the children's best interests,

3

I respectfully dissent from the portion of the Court's opinion affirming the trial court's order limiting the mother to supervised visitation.


Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Higley, and Landau.

Landau, J., concurring in part and dissenting in part.