**REVERSE AND REMAND and Opinion Filed November 23, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01130-CV

## IN THE INTEREST OF J.A.R. AND L.S.R., CHILDREN

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-21760**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Whitehill

Appellee (Father) filed a motion seeking an order that he did not owe a child support arrearage. After a bench trial, the trial judge signed an order decreeing that Father's child support arrearage was $7,263.14. Appellant (Mother) appeals. Because (i) there is evidence supporting the trial court's implied finding that Father was entitled to twenty months' credit against his child support obligation, (ii) uncontroverted evidence showed that Father's arrearage absent any credit was $32,249.76, and (iii) the evidence was insufficient to show that Father was entitled

to a full $24,986.62 credit, we conclude that the trial judge's order was an abuse of discretion. We accordingly reverse and remand.

## I. BACKGROUND

This case began in 2013 when the Office of the Attorney General filed against Father a Petition for Confirmation of Non-Agreed Child Support Review Order.

In January 2014, the trial judge signed an order appointing Mother and Father joint managing conservators of their two daughters, J.A.R. and L.S.R. The order (i) gave Mother the right to designate the children's primary residence, (ii) required Father to pay child support of $890 per month and (iii) assessed retroactive child support of $3,250 against Father, payable at the rate of $35 per month.

In November 2018, Father filed a Motion for Enforcement and Confirmation of Child Support Arrearages in which he alleged that (i) the Office of Attorney General falsely claimed that Father had not made timely payments, (ii) Father had paid child support as ordered, and (iii) Father's actual arrearage was $0.

On February 11, 2019, the trial court held a bench trial on Father's motion. At the outset, the court admitted without objection State's Exhibit A, a record showing Father's child support payments and indicating that his current arrearage was $32,249.76. Father then asserted in opening statement that his actual child support arrearage was only about $6,000 because he and Mother had lived together from March 2014 through January 2016.

Father and Mother were the only witnesses. At the end of the trial, the trial judge said that she would give Father a credit of $18,500 against whatever the Attorney General said he owed, based on the judge's conclusion that Father and Mother lived together for twenty months after the original child support order was rendered. The trial judge directed Father to contact the attorney general's office for the necessary information and then submit an order.

The trial judge eventually signed an order confirming that (i) Father was entitled to twenty months of credit against his child support obligation and (ii) his arrearage was $7,263.14.

Mother moved to set the judgment aside. The record contains no order ruling on that motion. She then appealed.

## II. ANALYSIS

### A. Issues

Mother asserts two issues. First, she argues that the trial judge abused her discretion because the evidence is insufficient to support a finding that Father lived with Mother and the children for twenty months and contributed to their support during that time. Second, she argues that the trial judge abused her discretion because the evidence doesn't support the judge's calculation of Father's support arrearage.

Father has not filed an appellee's brief.

**B.** **Issue One: Did the trial court abuse its discretion by implicitly finding that Father lived with Mother and the children and contributed to their support for twenty months after the initial child support order was rendered?**

No. Some evidence supports the trial court's implied finding that Father lived with Mother and the children and contributed to their support for twenty months after the initial January 2014 child support order.

At the outset, we note that Mother's argument supporting issue one is deficient because it does not discuss the applicable law except the standard of review, which is abuse of discretion. *See Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.) ("Most appealable issues in a family law case, including a trial court's confirmation of child support arrearages, are reviewed under an abuse of discretion standard."). She does not cite the Family Code or address the substantive law applicable to Father's motion. Thus, her brief fails to present "a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i).

But we can discern the gist of Mother's complaint, which is that the trial court erred by giving Father twenty months of credit towards his child support arrearage based on an implied fact finding that Father lived with Mother and the children and provided support for twenty months after the child support order went into effect. Assuming that we should imply such a fact finding, and applying the abuse of discretion standard of review, we reject Mother's argument.

A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *In re M.M.S.*, 256 S.W.3d 470, 478 (Tex. App.—Dallas 2008, no pet.); *see also In re P.C.S.*, 320 S.W.3d 525, 531 (Tex. App.—Dallas 2010, pet. denied) ("Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but are relevant in assessing whether the court abused its discretion.").

Here, some evidence supports an implied finding that Father lived with Mother and the children and provided support for twenty months after the January 2014 child support order was rendered. Father testified that he and Mother attempted to reconcile and that they lived together from February or March 2014 until January 2016. He also testified that the family moved back and forth between Monroe, Louisiana, and Desoto, Texas, during that time. Mother testified that Father was paying some of the "marital bills" and was "buying food" during the relevant time frame, and she also testified that he was paying the bills during the part of the twenty months the family was living in Desoto.

Although Mother also cites parts of her testimony that contradict the foregoing facts, we must give substantial deference to the trial court's witness credibility and weight of the evidence determinations. *See Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.).

We conclude that Mother has not shown an abuse of discretion in any implied finding that Father lived with Mother and the children and provided support to them for twenty months during the relevant timeframe. Accordingly, we overrule Mother's first issue.

**C. Issue Two: Did the trial court abuse its discretion by assessing Father's arrearage at $7,263.14 because the evidence does not support such a low amount?**

Yes. The evidence is insufficient to support the trial judge's decision to reduce Father's arrearage to $7,263.14.

As explained above, the trial judge's final order awarded Father credit for twenty months of child support and confirmed that his child support arrearage was $7,263.14 as of May 21, 2019.

Mother argues that the evidence does not support the trial judge's child support arrearage determination. She asserts that the only trial evidence on point—State's Exhibit A—shows that Father's arrearage without any credit was $32,249.76 as of the time of trial. We agree with this premise. Thus, by confirming that Father's child support arrearage was $7,263.14, the trial judge implicitly gave Father a credit of $24,986.62, or almost $1,250 per month for the twenty months of credit expressly awarded in the final order. But we see no evidence to support such a large credit, given that Father's monthly child support obligation was only $890 (or $925 if his $35 monthly obligation to pay a prior arrearage is included).

–6–

We conclude that the trial judge abused her discretion by ruling that Father's arrearage was only $7,263.14. Accordingly, we sustain Mother's second issue. Because we further conclude that the record does not establish the actual arrearage amount as a matter of law, we remand for further proceedings.

### III. CONCLUSION

For the foregoing reasons, we reverse the trial court's June 5, 2019 Order on Motion to Confirm Arrearage. We remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

191130F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.A.R. AND L.S.R., CHILDREN

No. 05-19-01130-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-13-21760. Opinion delivered by Justice Whitehill. Justices Pedersen, III and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's June 5, 2019 Order on Motion to Confirm Arrearage is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Monica Robinson recover her costs of this appeal from appellee Johnny Robinson.

Judgment entered November 23, 2020.