217 S.W.3d 557 (2006)
In the Interest of T.W.E.
No. 04-06-00270-CV.
Court of Appeals of Texas, San Antonio.
October 11, 2006.
*558 Donato D. Ramos, Law Office of Donato D. Ramos, Leticia Garcia-Mata, The Garcia Law Firm, P.L.L.C., Laredo, for appellant.
Lucinda A. Vickers, Law Office of Lucinda A. Vickers, Pleasanton, for appellee.
Sitting: SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

OPINION
Opinion by SANDEE BRYAN MARION, Justice.
This is an appeal from an order granting a motion to modify in a suit affecting the parent-child relationship. We reverse and remand.

BACKGROUND
Appellant Margie Trigo and appellee Robert Edwards were divorced on June 26, 2001. Margie was appointed sole managing conservator of the couples' minor son, and Robert was appointed possessory conservator. At the time, Margie, Robert, and their son all lived in LaSalle County, Texas. On October 14, 2003, Robert filed a motion to modify that did not seek specific relief. Instead, the motion stated that Robert "believes the parties will enter into a written agreement containing provisions for modification of the order providing for" conservatorship and possession of and access to the child. Months later and shortly after Robert decided to move to Arizona, a hearing on the motion was set for May 19, 2005. On May 19, the hearing was continued but the parties entered into a Rule 11 agreement, in which Margie and Robert agreed to the upcoming summer visitation; that Robert was responsible for his own travel expenses and his son's; that Margie was responsible for her travel expenses and her son's "when she exercises her 2 weeks in [the] summer"; and to neutral drop-off and pick-up locations in both LaSalle County and in Arizona. All other issues were "reserved for a future date to be set upon request." Robert moved to Arizona at the end of May 2005.
At the October 20, 2005 trial on Robert's motion to modify, neither Margie nor her attorney appeared. At the conclusion of this hearing, the trial court signed an order that, among other provisions, "removed *559 Margie and Robert as managing and possessory conservators" and appointed them joint managing conservators of the minor child, provided for possession of and access to the child, and provided for the payment of travel expenses.

DISCUSSION
In her first and second issues, Margie asserts the trial court erred in "converting" the sole managing conservatorship to a joint managing conservatorship. In her sixth and seventh issues, she asserts the trial court erred in including provisions within the order regarding travel arrangements and expenses associated with travel because no evidence was adduced at the hearing pertaining to these provisions. Margie does not complain about the provisions dealing with Robert's possession of or access to the child.
The statutory presumption that joint managing conservatorship is in the best interest of a child applies to a determination of conservatorship incident to divorce. Bates v. Tesar, 81 S.W.3d 411, 421 (Tex.App.-El Paso 2002, no pet.). However, once a conservatorship order has been implemented, "the concept of res judicata attaches and the order establishes what was in the best interest of the children at the time of divorce." Id. A party attempting to modify a prior order on conservatorship must meet the requirements of Texas Family Code section 156.101. In this case, Robert was required to establish that modification would be in his son's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since" the date of the rendition of the June 2001 order. See TEX. FAM.CODE ANN. § 156.101(1)(A) (Vernon Supp.2006-07).[1] We review a trial court's modification of conservatorship for an abuse of discretion. See Grayson v. Grayson, 103 S.W.3d 559, 561 (Tex.App.-San Antonio 2003, no pet.). An appellant challenging the sufficiency of the evidence must show that the evidence, or lack thereof, caused the court to act without reference to any guiding rules or principles or to act arbitrarily or unreasonably. Id.; see also Bates, 81 S.W.3d at 424-25.
A determination of whether a material change in circumstances has occurred is not guided by rigid rules, but is, instead, fact-intensive. In the Int. of Z.B.P., 109 S.W.3d 772, 779 (Tex.App.-Fort Worth 2003, no pet.). A movant is required to show the conditions as they existed at the time of entry of the prior order. Considine v. Considine, 726 S.W.2d 253, 255 (Tex.App.-Austin 1987, no writ). "Once such conditions have been *560 established, the movant must show what material changes have occurred in the intervening period." Id.
Robert's full testimony is as follows:
Q. Okay. Now, you don't see any reason or any problem with you being a joint managing conservator with the rights and duties that are entailed, do you?
A. No.
Q. Okay. You see your [six-year-old son] on a regular basis?
A. As best I can.
Q. Okay. You exercise visitation under the court order whenever it's ordered, is that right?
A. Once a month, correct, and then the holidays, the summers, yes.
Q. You have a high degree of involvement with your son?
A. Yes, I do.
Q. Okay. So even though you're living in Arizona right now you're visiting with him the one weekend per month that you elected?
A. And I call him nearly every day.
Q. All right.
A. I thought it was in his best interest for me to move to Arizona at the time, if there's any curiosity as to why I moved to Arizona.
Q. That was also a job and career decision that you had to make?
A. Correct.
Other than Robert's testimony that he visited with his son once a month, on holidays, and during the summers, there is no evidence to show the conditions as they existed at the time of entry of the June 2001 order or what changes, other than his move, have occurred since the entry of that prior order. Also, the court heard no evidence that the modification of the conservatorship would be in the best interest of the child. Robert's mere agreement that he saw no "reason or any problem with [him] being a joint managing conservator with the rights and duties that are entailed" is too conclusory to amount to any evidence. Finally, the court did not hear any evidence concerning travel arrangements or travel expenses. For these reasons, we conclude the trial court did not have sufficient information upon which to exercise its discretion on the issue of conservatorship or on issues pertaining to travel arrangements and expenses.

CONCLUSION
We reverse the trial court's order and remand for further proceedings consistent with this opinion.[2]
NOTES
[1] Margie also asserts that the former requirements of section 156.101 and former section 156.104 apply here. Under the former version of these sections, a sole managing conservatorship could be replaced with a joint conservatorship upon a showing that the circumstances of the child or sole managing conservator had materially and substantially changed since the rendition of the order; retention of the sole managing conservatorship would be detrimental to the welfare of the child; and appointment of the parents as joint managing conservators would be a positive improvement for and in the best interest of the child. Former TEX. FAM.CODE ANN. §§ 156.101, 156.104, amended by Acts 2001, 77th Leg., R.S., Ch. 1289, §§ 5, 8, 2001 TEX. GEN. LAWS 3108-10. Margie argues that the "positive improvement" prong and the "detrimental retention" prong both apply to orders entered prior to 2001, including the parties' June 2001 divorce decree. In 2001, the Legislature amended Chapter 156, eliminating both prongs. Margie's argument ignores the amendment's language that states the Act takes effect September 1, 2001, and applies to an action to modify an order in a suit affecting the parent-child relationship pending on that date or filed on or after that date. See id. at 3111. Robert's motion to modify was filed in 2003; thus, the current version of section 156.101 applies.
[2] Because of our disposition of Margie's first and second issues, we need not address her other issues including her complaint that the trial court failed to afford her a hearing on her motion for new trial and her motion to modify the judgment. See TEX.R.APP. P. 47.1.