**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00275-CV**
_____

**IN THE INTEREST OF R.A. AND T.A.**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-03-03822-CV**

**MEMORANDUM OPINION**

Mother appeals the trial court's order denying her modification request of a February 2018 Order and seeking a standard possession order and to be named R.A. and T.A.'s joint managing conservator.[1] In four issues, Mother asks whether the trial court: (1) erred when it failed to include or make separate findings in the possession order as to the reasons why it deviated from the statutory presumption and failed to award her access under a standard possession order; (2) abused its discretion and misapplied the law to the facts of this case when it failed to apply the statutory

_____

[1] We will refer to the children by their initials and the parents as "Mother" and "Father."

1

presumptions found in Chapter 153 of the Texas Family Code; (3) abused its discretion by denying her request to modify the terms of possession and access in the previous order from supervised to the standard possession order; and (4) abused its discretion by denying her motion to modify the terms of conservatorship in the previous order from sole managing conservator to joint managing conservators.[2] For the following reasons, we affirm the trial court's judgment.

## I. Background

In February 2018, the trial court named Father as R.A. and T.A.'s sole managing conservator and Mother as possessory conservator with scheduled supervised visitation and scheduled FaceTime visitation. The underlying suit affecting parent-child relationship (SAPCR) included allegations by Father that Mother abused alcohol and prescription medications, drove impaired with the children in the car, and locked the children in their rooms so she could drink at night for extended periods such that the children had to relieve themselves in the closet. The trial court incorporated a finding into its February 2018 Order that the material allegations were true. Under that Order, the trial court awarded Mother scheduled supervised visitation two to three times per month at Access Builds Children ("ABC") and scheduled FaceTime or Skype visits twice a week. The Order granted

---

[2]We have numbered Mother's issues in the order she presents them in her substantive argument rather than in the order she lists them in her "Issues Presented" section.

Mother the right to attend the children's school activities and obtain information from the children's psychologist, pediatrician, dentist, and school, among other things. In February 2020, Mother filed her Original Petition to Modify Parent-Child Relationship and Request for Temporary Orders asserting that the modification was in the children's best interest and the circumstances have materially and substantially changed since the rendition of the February 2018 Order.

During trial, Mother and Father testified. Mother introduced records from a therapist she consulted to prepare for court on one occasion after filing her modification, and TalkingParents App records were admitted showing the parents' communications with each other. Additionally, the trial court's February 2018 Order was admitted into evidence.

Mother testified that she previously attempted suicide while under the influence of alcohol, and the records confirm this. Mother testified she does not believe she has a problem with alcohol, but looking back, she believed she had a problem in February 2018. Mother testified she has not undergone any therapy since February 2018, because she "didn't need it." Mother also testified she had not undergone an alcohol evaluation or enrolled in alcohol treatment since February 2018, because she does not believe she has a problem.

Mother testified she only saw a therapist one time in June or July 2020 to prepare for trial. During that consultation, Mother did not provide the therapist with

3

her prior medical records, and she did not inform the therapist that she drove a vehicle while under the influence of alcohol with her children present in her vehicle and she locked the children in their rooms so she could drink alcohol. The therapist noted, "Mother does not appear to be a danger to herself or others, despite past suicide attempt which was under the influence of alcohol, and no indications she is actively suicidal or having impulse control issues." The therapist's records also state, "[I]t is the clinical opinion of this therapist that the client does not present with any signs or symptoms of a mood or thought disorder at this time." However, the records indicated Mother reported alcohol use on the weekends and that she "would benefit from ongoing counseling and processing of resentment towards Father and her family regarding them taking children away." Mother testified she had not attempted suicide since February 2018 but agreed that someone attempting suicide could cause the court concern.

Mother admitted she did not exercise any scheduled supervised visitation with the children at ABC since February 2018, although she had done so prior to the February 2018 Order. According to Mother, other people at ABC made the children uncomfortable, and she did not want to create more trauma for them. Mother testified she did not return to ABC after February 2018, because it was affecting the children, and she felt it was not in their best interests to see each other in that environment.

4

Mother initially testified that Father refused to work with her when she attempted to reschedule FaceTime calls; however, the records showed that Mother frequently rescheduled and called outside designated times. The records and testimony also established that Father often agreed to Mother rescheduling these calls. Upon cross examination, Mother admitted that Father only refused to allow her to reschedule eight to ten times over the course of hundreds of phone calls.

Mother also testified she never attended the children's school activities despite the prior Order giving her the right to do so; and when asked if she made that effort, she indicated she was unaware that she could have. Mother said she had not accessed the children's school records or emailed their teachers, but the children told her about school. Likewise, the prior Order gave her the right to consult with the children's psychologist, pediatrician, and dentist, but Mother only visited the children's therapist once.[3] Mother did not know the name of the children's pediatrician or dentist and had not requested that information.

Father also testified at trial. Although he could not point to any specific incidents, Father based his opinion that Mother would endanger the physical safety or emotional well-being of the children on the phone calls he received. Father had not asked Mother to undergo drug or alcohol testing or evaluation since 2018, even

---

[3]It appeared from the record that Mother's visit with the children's therapist occurred before entry of the February 2018 Order, although it is not entirely clear.

5

though he believed she has a problem, because the court told her to get help, which he thought she would do. Mother never told him after February 2018 she would get therapy or treatment for alcohol.

Father said he had not allowed Mother to see the children outside of ABC since February 2018. Per the prior Order, Mother's visitation was only at ABC, which Father was able to do. Father did not believe it was in the children's best interests to have unsupervised visits with Mother since she failed to attempt to see them. He felt it was in the children's best interests for Mother to show she can follow the rules and see the children at ABC before the court grants unsupervised visits. The reason Father would not agree to let Mother see the children at a different location two to three weeks after the February 2018 Order was because she had done nothing to prove she had changed. Father denied that Mother made repeated requests to see the children over the past two years. Father testified Mother never asked for the name of the children's pediatrician or dentist and never asked for information about their school.

## II. Trial Court's Findings of Fact and Conclusions of Law

On September 8, 2020, Mother filed a Request for Findings in Possession Order pursuant to Texas Family Code section 153.258 asking the Court to state in the possession order the factors it considered in rendering the order with the specific reasons for deviations from the standard possession order. *See* Tex. Fam. Code Ann.

6

§ 153.258(a). The trial court signed its Order Denying Modification on September 10, 2020, but the Order did not contain findings. Mother thereafter filed a Motion for New Trial, to Correct and/or to Reform the Order Denying the Motion to Modify arguing that the trial court abused its discretion in denying her motion. Mother argued she was entitled to a new trial because: 1) Father failed to present evidence to overcome the rebuttable presumptions of Texas Family Code sections 153.131 and 153.252; 2) the trial court failed to include in its order the court's findings on possession despite her request; and 3) the evidence was legally and factually insufficient to support the trial court's Order Denying Modification. Additionally, Mother argued the trial court should correct or reform the Order Denying Modification to include any findings when it deviated from the presumptions found in sections 153.131 and 153.252. At the same time, Mother filed a Request for Findings of Fact and Conclusions of Law pursuant to Texas Rules of Civil Procedure 296 and 297 for the Order Denying Modification. On October 28, 2020, Mother filed a Notice of Past Due Findings of Fact and Conclusions of Law. On November 6, 2020, the trial court denied Mother's Motion for New Trial, to correct and/or Reform and entered Findings of Fact and Conclusions of Law.

The trial court's Findings of Fact included the following:

2. On January 30, 2018, a final bench trial was held regarding the original suit affecting the parent-child relationship in this cause.

3. On February 13, 2018, the Court signed a *Final Order in Suit Affecting the Parent-Child Relationship*. This *Order* (a) appointed [Father] as the sole managing conservator of the minor children, (b) appointed [Mother] as a Possessory Conservator of the minor children, (c) provided that [Mother] have supervised possession of and access to the minor children at Access Builds Children (a supervised visitation facility in Conroe, Texas) on the Saturdays following the 1st, 3rd and 5th Fridays of each month, (d) provided that [Mother] may have electronic access via Skype or Facetime with the minor children every Tuesday and Thursdays between the hours of 7:00 p.m. and 7:30 p.m., (e) granted [Mother] the right to consult with school officials regarding the welfare and educational status of the children and to attend school activities, and (f) granted [Mother] the right to consult with physicians, dentists, or psychologist of the children.

4. On February 18, 2020, [Mother] filed a suit seeking to modify the Court's *Order* of February 13, 2018. In her petition, [Mother] sought to be named a joint managing conservator of the children the subject of this suit, and requested a Standard Possession Order for her periods of possession of and access to the children the subject of this suit.

5. [Mother] failed to exercise any periods of possession of, or access to, the children through the supervised visitation facility, Access Builds Children, from February 13, 2018, to the date of final trial on August 24, 2020.

6. [Mother] failed to fully and timely exercise her rights to communicate with the children via Skype or Facetime from February 13, 2018 to August 24, 2020.

7. [Mother] failed to consult with school officials concerning the children's welfare and educational status from February 13, 2018 to August 24, 2020.

8. [Mother] failed to attend any school activities at the children's school from February 13, 2018 to August 24, 2020.

9. [Mother] failed to consult with the children's physicians, dentists, or psychologist from February 13, 2018 to August 24, 2020.

10. [Mother] did not attend any counseling for alcohol abuse or regarding her suicide attempt in 2017, during the period of February 13, 2018 through August 24, 2020.

11. On September 8, 2020, [Mother] filed a *Request for Findings in Possession Order* pursuant to Texas Family Code Section 153.258.

12. On September 10, 2020, a final order in the modification suit was signed, therein denying [Mother] petition for modification.

13. Notice of Past Due Findings of Facts and Conclusions of Law on her *Request for Findings in Possession Order* pursuant to Texas Family Code Section 153.258 were due on October 12, 2020. *See* TEX. FAM. CODE §153.258 and TEX. R. CIV. P. 297.

14. [Mother] failed to file a timely Notice of Past Due Findings of Fact and Conclusion of Law as to her *Request for Findings in Possession Order* filed on September 8, 2020.

15. On September 28, 2020, [Mother] filed a *Request for Findings of Facts and Conclusions of Law* pursuant to Texas Rules of Civil Procedure 296 and 297.

16. On October 21, 2020, [Mother] filed a timely Notice of Past-Due Findings of Fact and Conclusions of Law pursuant to Texas Rules of Civil Procedure 297.

17. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

The trial court's conclusions of law included the following:

1. The 418th Judicial District Court is the court of continuing exclusive jurisdiction regarding the children made the basis of this suit.

2. [Mother] is a person entitled to file a petition for modification of a prior order of this Court regarding possession and conservatorship of the children. TEX. FAM. CODE §156.002.

9

3. The Court may modify its underlying order if the modification of said order would be in the best interest of the child and the circumstances of the child or a conservator affected by the order have materially and substantially changed since the date of the rendition of the order sought to be modified. TEX. FAM. CODE §156.l0l(a)(l).

4. [Mother] failed to sustain her burden to show that the circumstances of the child or a conservator affected by the order had materially and substantially changed since the Court's order dated February 13, 2018. TEX. FAM. CODE §156.l0l(a)(l).

5. It was not in the best interest of the children the subject of this suit to modify the terms and conditions of the underlying order as to conservatorship, and as to possession of and access to the children by [Mother].

6. Petitioner's attorney's post-trial argument that the Court was required to award a Standard Possession Order is inaccurate as the presumptions in Chapter 153 of the Texas Family Code only apply to original suits, and not to modification cases under Chapter 156. *Weldon v. Weldon,* 968 S.W.2d 515 (Tex. App.-Texarkana 1998, no pet.); *In re V.L.K,* 24 S.W.3d 338 (Tex. 2000).

7. Petitioner's attorney's post-trial argument that the Court was required to award a Standard Possession Order is inaccurate as the presumption in Section 153.252 of the Texas Family Code was rebutted by the *Final Order in Suit Affecting the Parent-Child Relationship* signed by the Court on February 13, 2018.

8. Even if a presumption existed requiring the Court to award a Standard Possession Order, there has been no material and substantial change of circumstances to justify a modification of [Mother's] periods of possession and access to the children since February 13, 2018.

9. The provisions set forth in the *Order in Suit Affecting Parent-Child Relationship* signed on February 13, 2018, are in the best interest of the children.

10. Any conclusion of law that is a finding of fact shall be deemed a finding of fact.

10

### III. Standard of Review

"Because the 'trial court is given wide latitude in determining the best interests of a minor child,' we review a modification order under an abuse of discretion standard." *Smith v. Karanja*, 546 S.W.3d 734, 737 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)); *see also Interest of E.C.C.*, 539 S.W.3d 425, 429 (Tex. App.—Beaumont 2018, pet. denied) (noting that an order modifying conservatorship is reviewed for abuse of discretion). A trial court abuses its discretion if it acted without reference to any guiding rules or principles; in other words, we ask whether the act was arbitrary or unreasonable. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (citation omitted).

### IV. Analysis

#### A. Texas Family Code Section 153.258

Mother complains that the trial court abused its discretion by failing to comply with Texas Family Code section 153.258 and include findings in the Order Denying Modification. *See* Tex. Fam. Code Ann. § 153.258. Mother concedes she did not file a Notice of Past Due Findings for her section 153.258 request, but she argues that she gave the trial court the opportunity to rectify the omission when she filed her Motion for New Trial and/or to Reform the Order. For purposes of our analysis, we will assume without deciding that is true.

11

Section 153.258 requires a trial court to "state in writing the specific reasons for the variance from the standard [possession] order[]" if requested by a party. *Id.* § 153.258(a). A request for findings of fact under this section must conform to the Texas Rules of Civil Procedure. *Id.* § 153.258(b). While the previous version of the statute required the findings be included in the order itself, in 2017, the Legislature amended the statute and removed this requirement. *See id.* § 153.258(a); Act of May 19, 2017, 85th Leg., R.S., ch. 421, §§ 14–15, 2017 Tex. Sess. Law Serv. 1131; *see also Interest of Z.G.*, No. 02-19-00352-CV, 2021 WL 1229967, at *24 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.) (explaining that the amended version of section 153.258 no longer requires findings be included in the order itself).

Although the trial court failed to include the specific reasons in the Order Denying Modification, on November 6, 2020, it issued Findings of Fact and Conclusions of Law under Rules 296 and 297 of the Texas Rules of Civil Procedure per Mother's subsequent and timely request. *See* Tex. R. Civ. P. 296, 297 (addressing when trial court should file findings of fact and conclusions of law when timely requested); *see also* Tex. Fam. Code Ann. § 153.258 (requiring request for section 153.258 findings conform to Rules 296 and 297). Those Findings included specific reasons for the trial court's deviation from the standard possession order, including that: (1) Mother failed to exercise any periods of supervised visitation as provided in the February 2018 Order through the time of the

12

modification hearing; (2) that she failed to fully and timely exercise her rights to communicate with the children via Skype or FaceTime as provided in February 2018 Order through the time of the modification hearing; (3) failed to attend school activities; (4) failed to consult with the children's medical providers; and (5) she failed to attend any counseling for alcohol abuse or regarding her 2017 suicide attempt between the time of the February 2018 Order and the modification hearing. The trial court's Conclusions of Law included that: (1) Mother failed to sustain her burden to show that the circumstances of the child or conservator affected by the order have materially or substantially changed since the court's February 2018 Order sought to be modified; (2) it was not in the children's best interest to modify the terms and conditions of the underlying order as to conservatorship and as to possession and access of the children by Mother; and (3) even if a presumption of the Standard Possession Order applied to modification proceedings, there has been no material and substantial change of circumstances to justify modification of Mother's periods of possession and access.

These Findings of Fact and Conclusions of Law specified the trial court's reasons for deviating from the standard possession order and fulfilled Family Code section 153.258's requirements. *See* Tex. Fam. Code Ann. § 153.258(a); *Interest of Z.G.*, 2021 WL 1229967, at *24. We overrule this issue.

13

**B. Issues Two and Three: Statutory Presumptions, Material and Substantial Change**

In Mother's next two issues, she contends the statutory presumptions found in Chapter 153 of the Texas Family Code apply to modification proceedings under Chapter 156. Specifically, Mother argues that the Chapter 153 presumptions for joint managing conservatorship and the standard possession order apply to her modification, and the trial court misapplied the law in concluding otherwise. Mother also contends that she presented uncontroverted evidence of a material and substantial change which should be considered with the presumption in favor of a standard possession order, and Father failed to rebut this presumption. In support of these arguments, Mother challenges the trial court's Findings of Fact numbers 6 and 10. She also challenges the trial court's Conclusions of Law 6 through 8.

### i. *Modification Law Generally*

To be entitled to a modification, a party must prove 1) it was in the children's best interest, and 2) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the prior order. *See* Tex. Fam. Code Ann. § 156.101(a)(1)(A). In a modification suit, the threshold question is whether the moving party has met the burden of establishing a material and substantial change. *In re T.M.P.*, 417 S.W.3d 557, 563 (Tex. App.—El Paso 2013, no pet.). In determining whether circumstances have materially and

14

substantially changed, the trial court compares evidence of the conditions existing when the prior order was entered with evidence of the conditions existing at the time of the hearing on the petition to modify. *Id.* at 563–64. Determination of a substantial and material change is not controlled by a set of guidelines; instead, it is fact specific. *Arredondo v. Betancourt*, 383 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

### ii. *Statutory Presumptions in Modification Proceedings*

In support of her arguments that the statutory presumptions in Chapter 153 apply to modification proceedings under Chapter 156, Mother cites to *In re C.J.C.*, 603 S.W.3d 804 (Tex. 2020). We do not read *In re C.J.C.* so broadly. The *C.J.C.* Court dealt with the constitutional presumption under *Troxel v. Granville* that fit parents act in the best interest of their children rather than a statutory presumption. *See id.* at 807 (citing *Troxel v. Granville*, 530 U.S. 57, 68 (2000) (plurality opinion)). The *C.J.C.* Court explained that Texas had previously adopted a parallel statutory presumption to the one in *Troxel*, and that statutory presumption requires a child's parents to be appointed managing conservators in initial custody proceedings unless it would significantly impair the child's physical health or emotional development. *See id.* (citing Tex. Fam. Code Ann. § 153.131(a)). The Texas Supreme Court expressly stated that this "statutory presumption governing original custody determinations, however, is not carried forward into the statute governing

15

proceedings to modify those determinations[]" and noted its prior holding that the statutory presumption does not apply in modification proceedings. *Id.* (citing Tex. Fam. Code Ann. § 156.101(a)(1); *In re V.L.K.*, 24 S.W.3d 338, 339-40 (Tex. 2000)). Likewise, the Court recognized the modification statute incorporates the understanding that the first judgment at the time it was entered was res judicata of best interest and custody. *See id.* at 818 (quoting *Taylor v. Meek*, 276 S.W.2d 787, 790 (Tex. 1955)).

> The Court further reasoned,
>
> Although a statutory presumption is inapplicable to a chapter 156 modification proceeding, we read that chapter to avoid potential constitutional infirmities. Thus, we read any best-interest determination in which the court weighs a fit parent's rights against a claim to conservatorship or access by a nonparent to include a presumption that a fit parent acts in his or her child's best interest. . . . Our holding does not alter the burden of proof for modifications of court-ordered custody arrangements in which neither parent is named a managing conservator in the original order. But when nonparents seek court-ordered custody of a child subject to an existing order, under which one or both fit parents were appointed managing conservators, that parent or parents retain the presumption that protects their fundamental right to determine their child's best interest.

*Id.* at 818–19 (internal citations omitted). In other words, the parent or parents previously named as managing conservator will retain a fit parent presumption in modification proceedings where a nonparent seeks court-ordered custody of the child. *See id.*; *In re B.B.*, 632 S.W.3d 136, 140 (Tex. App.—El Paso 2021, no pet.) (discussing *C.J.C.* and noting that parent could not avail himself of fit parent

16

presumption in a modification where he was not previously recognized as the child's managing conservator). *C.J.C.* did not hold that Chapter 153's statutory presumptions apply to Chapter 156 modification proceedings where a parent who had not been named a managing conservator under the existing order sought to modify it. *See In re C.J.C.*, 603 S.W.3d at 808, 818–19; *In re B.B.*, 632 S.W.3d at 140.

In a context like the one before us, our sister courts have explained that the presumption that joint managing conservatorship is in the child's best interest applies to the original conservatorship determination; however, once a conservatorship order has been implemented, res judicata attaches, and the order establishes what was in the best interest at the time of its entry. *See In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.); *Bates v. Tesar*, 81 S.W.3d 411, 421 (Tex. App.—El Paso 2002, no pet.); *see also Taylor*, 276 S.W.2d at 790. Therefore, a party attempting to modify a prior conservatorship order must meet the requirements of Texas Family Code section 156.101. *See* Tex. Fam. Code Ann. § 156.101; *T.W.E.*, 217 S.W.3d at 559.

We hold Chapter 153's statutory presumptions of parents as joint managing conservators and a standard possession order do not apply to Chapter 156 modification proceedings where the parent seeking modification was not named a managing conservator under the existing order. *See In re C.J.C.*, 603 S.W.3d at 808,

17

818–19; *In re B.B.*, 632 S.W.3d at 140; *see also In re V.L.K.*, 24 S.W.3d at 341. The trial court correctly determined in its Conclusions of Law that the statutory Chapter 153 presumptions did not apply in this modification. This case does not involve nonparents seeking custody or access over a fit parent's objection. Rather, it involves Mother, who had not been previously named a managing conservator attempting to modify the order appointing Father as the children's sole managing conservator. We overrule issue two.

### iii. *Material and Substantial Change*

Although we have already determined that the statutory Chapter 153 presumption of a standard possession order did not apply in this modification proceeding, we will address Mother's contention that she presented uncontroverted evidence of a material and substantial change. In support of this argument, Mother challenges the trial court's Findings of Fact that 1) she did not fully and timely exercise her rights to communicate with the children via FaceTime since the February 2018 Order and modification hearing, and 2) Mother did not attend any counseling for alcohol abuse or her 2017 suicide attempt since the February 2018 Order and the modification hearing. She also disputes the trial court's Conclusion of Law number 8 that even if a presumption existed requiring the court to award a standard possession order, there has been no material and substantial change of

circumstances to justify a modification of her periods of possession and access to the children since February 13, 2018.

Mother acknowledged during this modification proceeding that her actions resulted in the February 2018 Order appointing Father as sole managing conservator. As the party seeking the modification of that Order, Mother bore the burden of showing a material and substantial change in circumstances in the period since its entry and the modification proceeding. *See* Tex. Fam. Code Ann. § 156.101(a)(1)(A); *In re T.M.P.*, 417 S.W.3d at 563.

The trial court heard evidence at the modification hearing, much of which concerned Mother's refusal to exercise supervised visitation and her failure to seek treatment for alcohol issues and prior suicide attempt, plus her failure to consult with the children's pediatrician, psychologist, dentist, and school. Mother testified she did not exercise supervised in-person visits with her children for over two years. Additionally, Mother testified about multiple occasions where she had to reschedule FaceTime visits with the children, which the TalkingParents App records also showed. She frequently asked Father to reschedule the calls.

At the time of the February 2018 Order, Mother admittedly had issues with alcohol and had attempted suicide while under the influence of alcohol. Mother also testified that while she does not believe she currently has an alcohol problem, she did in February 2018. Despite this, Mother's own testimony established that she did

not seek medical help or treatment for these issues in the intervening period between February 2018 Order and the modification proceeding.

Mother points to her testimony and records from a therapist she saw on one occasion to prepare for trial that indicated she was not presently experiencing suicidal ideation or reported alcohol problems. That therapist did not have access to her medical history or records and did not perform any tests. The same therapist's report noted that Mother reported alcohol use on the weekends and that she would benefit from ongoing counseling. Mother testified she had not undergone an evaluation for alcohol abuse or treatment since February 2018.

Contrary to Mother's assertion, Father did offer evidence to controvert Mother's evidence of a material and substantial change. Father testified he believes that Mother has an alcohol problem. Father also explained that the trial court told Mother previously she needed to get help, and he thought she would do so. Father did not believe it was in the children's best interests to have unsupervised visits with Mother since she failed to attempt to see them. Instead, he felt it was in their best interests for Mother to show she can follow the rules and see the children at ABC before the court grants unsupervised visits. Father denied that Mother made repeated requests to see the children over the past two years.

The evidence in this case supports the trial court's Findings of Fact that Mother failed to fully and timely exercise her FaceTime visits and failed to attend

counseling since February 2018. Likewise, the evidence supported the trial court's Conclusion of Law that there had not been a material and substantial change of circumstances that would justify modifying the February 2018 Order. We overrule this issue.

## C. Denial of Modification and Abuse of Discretion

In her last issue, Mother argues the trial court abused its discretion by denying her requested modification from a sole managing conservatorship to a joint managing conservatorship. Mother again argues a Chapter 153 presumption, that joint managing conservatorship is in the best interest of the child, applies to her modification proceeding. *See* Tex. Fam. Code Ann. § 153.131(a). Mother again cites to *C.J.C.* for this proposition; however, for the reasons we outlined above, we believe Mother reads *C.J.C.* too broadly. Mother was required to prove in this case that the modification was 1) in the children's best interest, and 2) the circumstances of the children, Mother, or Father had materially and substantially changed. *See* Tex. Fam. Code Ann. § 156.101(a)(1)(A). Having already determined that Mother failed to show a substantial and material change in circumstances, we conclude that she was not entitled to modify the February 2018 Order naming Father as sole managing conservator and her as possessory conservator. *See id.* The trial court did not abuse its discretion in determining that joint managing conservatorship was not in the

children's best interest and denying the modification. *See Karanja*, 546 S.W.3d at 737; *E.C.C.*, 539 S.W.3d at 429. We overrule this issue.

## V. Conclusion

Having overruled Mother's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 25, 2022
Opinion Delivered October 13, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

22