**AFFIRMED; Opinion Filed November 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00915-CV

## IN THE INTEREST OF A.M., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-11107-U**

## OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

Father appeals the trial court's judgment terminating his parental rights to his child, A.M. Father brings one issue on appeal contending the trial court erred by terminating his parental rights based on events occurring before the parties' divorce without a showing of a change of circumstances since the date of divorce. We affirm the trial court's judgment.

### BACKGROUND

Father and Mother were married and had one child, A.M. They separated in February 2012 and shared possession of the child by agreement. On April 3, 2012, Father shot Mother five or ten times. Mother was in a coma for three weeks and hospitalized for a month. It was almost a year before Mother felt well enough to move around. Father was charged with aggravated assault, pleaded guilty, and was sentenced on October 5, 2012 to forty-five years' imprisonment and a $10,000 fine.

Mother filed for divorce on June 13, 2012, requesting that she be appointed the child's sole managing conservator and that Father be appointed possessory conservator and ordered to pay child support. The trial court signed the final decree of divorce on March 19, 2013, granting the relief Mother requested. Mother did not seek termination of Father's parental rights in the divorce proceeding, and the trial court neither granted nor denied termination of Father's parental rights during the divorce proceeding.

On October 2, 2013, Mother filed her petition to terminate Father's parental rights alleging termination was warranted under paragraphs (C), (E), and (Q) of section 161.001(1) of the family code.[1] Following a trial before the court, the court found by clear and convincing evidence that section 161.001(1)(E) and (Q) were met and that termination of the parental relationship between Father and the child was in the child's best interest.

---

[1] Section 161.001 provides,

The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:

(1) that the parent has:

. . . .

(C) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;

. . . .

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . . .

(Q) knowingly engaged in criminal conduct that has resulted in the parent's:

(i) conviction of an offense; and

(ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition;

and

(2) that termination is in the best interest of the child.

TEX. FAM. CODE ANN. § 161.001 (West 2014).

**CHANGED CIRCUMSTANCES**

In his sole issue on appeal, Father contends the trial court erred by terminating Father's parental rights because Mother failed to show a material and substantial change in circumstances since the divorce. Section 156.101(a)(1) of the family code provides that a trial court may modify a conservatorship order if the modification would be in the best interest of the child and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of (A) the date of the rendition of the order; or (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based." FAM. § 156.101(a)(1) (West 2014). Section 161.004 of the family code provides that when the trial court has previously rendered an order denying termination of the parent-child relationship, the court may terminate the relationship if "the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order [denying termination] was rendered." FAM. § 161.004(a)(2) (West 2014).

Father argues that these statutes required Mother to prove there was a material and substantial change of circumstances since the trial court rendered the divorce decree establishing the parties' conservatorship positions. We disagree.

Section 156.101(a)(1) requires a material and substantial change of circumstances after rendition of the previous conservatorship order before the court may render an order modifying that conservatorship order. In *In re C.T.*, No. 12-09-00401-CV, 2010 WL 4880631 (Tex. App.—Tyler Nov. 30, 2010, no pet.) (mem. op.), the Tyler court of appeals considered whether section 156.101(a)(1)'s requirement of a material and substantial change applied in a termination-of-parental-rights case and concluded it did not apply. The court observed that the distinction between sections 156.101(a)(1) and 161.001 was "more than procedural or semantic." *Id.* at *4.

–3–

A modification proceeding and a termination proceeding are distinct statutory schemes with different issues, standards of review, and burdens of proof. *Id.* In a modification proceeding, the issues are whether there has been a substantial and material change of circumstances after the previous order or mediated settlement agreement and whether the modification is in the best of the child. *See* FAM. § 156.101(a)(1). In a termination proceeding, the issues are whether the parent engaged in one of the acts or omissions in section 161.001(1) and whether termination is in the best interest of the child. *See* FAM. § 161.001. A modification proceeding is reviewed for an abuse of discretion. *See In re M.M.S.*, 256 S.W.3d 470, 476 (Tex. App.—Dallas 2008, no pet.). In a termination case, the findings that a parent engaged in one of the acts or omissions and that termination is in the best of the child must be supported by clear and convincing evidence. FAM. § 161.001. The Tyler court also observed that "[a]lthough both chapters [156 and 161] share the overriding concern that a modification or termination be in the best interest of the child, 'the consequences of termination are permanent, unlike the consequences of modification . . . proceedings, which makes an analogy between the two fairly weak.'" *In re C.T.*, 2010 WL 4880631, at *5 (quoting *In re N.A.F.*, 282 S.W.3d 113, 117 (Tex. App.—Waco 2009, no pet.)). The Tyler court concluded that section 156.101(a)(1)'s requirement of a substantial and material change of circumstances did not apply to a termination-of-parental-rights proceeding. *Id.* We agree with the Tyler court's reasoning and likewise conclude that section 156.101(a)(1)'s requirement of a material and substantial change for modification of an order establishing conservatorship or possession and access does not apply to a suit for termination of parental rights. *See also In re C.A.C.*, No. 14-12-00396-CV, 2012 WL 4465234, *7 (Tex. App.—Houston [14th Dist.] Sept. 27, 2012, no pet.) (mem. op.) (discussing *In re C.T.* and concluding section 156.101(a)(1) does not apply to a termination-of-parental-rights proceeding); *In re N.R.T.*, 338 S.W.3d 667, 673 (Tex. App.—Amarillo 2011, no pet.) (Section

156.101(a)(1) does not apply to a suit for termination of parental rights); *Slatton v. Brazoria Cnty. Protective Servs. Unit*, 804 S.W.2d 550, 554 (Tex. App.—Texarkana 1991, no writ) (suit for involuntary termination of parental rights is not a suit for modification of conservatorship).

Section 161.004 provides that when a trial court has previously rendered an order denying termination of a parent's parental rights, the trial court may not subsequently order termination of that parent's parental rights unless there has been a material and substantial change of circumstances since the rendering of the order denying termination. In this case, the record does not show there was a previous order denying termination of parental rights. Accordingly, section 161.004 does not apply.

We conclude Mother was not required to prove a material and substantial change since the divorce for termination of Father's parental rights. We overrule Father's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE

140915F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.M., A CHILD

No. 05-14-00915-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-12-11107-U.
Opinion delivered by Justice Myers. Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Wanda Nadine Malone recover her costs of this appeal from appellant Paul Malone.

Judgment entered this 17th day of November, 2014.